## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA** | * |  |
| v. | * | **CRIM. NO.  JKB-22-0146** |
| **RON K. ELFENBEIN,** | * |  |
| **Defendant.** | * |  |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### PROPOSED FINAL JURY INSTRUCTIONS

Having reviewed the parties' joint Proposed Jury Instructions (ECF No. 34), the COURT

NOW NOTIFIES Counsel and the parties that it intends to use the final jury instructions attached

hereto.  The instructions attached hereto are based on the evidence presented in the case thus far.

The Court will reserve issuing a final ruling on the jury instructions until a later conference with

the parties pursuant to Federal Rule of Criminal Procedure Rule 30, and subject to any further

modifications based on evidence presented after that point.


Dated this 26 day of July, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

# Contents

JURY INSTRUCTION 1 (Roles of Judge and Jury) .................................................................3

JURY INSTRUCTION 2 (Jury's duty to decide facts)..............................................................4

JURY INSTRUCTION 3 (INTENTIONALLY BLANK)..........................................................5

JURY INSTRUCTION 4 (Bias, prejudice; Gov't as party)......................................................6

JURY INSTRUCTION 5 (Improper considerations)................................................................7

JURY INSTRUCTION 6 (Sympathy)......................................................................................8

JURY INSTRUCTION 7 (Conduct of counsel; exhibits not received; stricken testimony; stipulation; outside sources; incorporation of assumed facts on cross-examination).....................9

JURY INSTRUCTION 8 (Duty of counsel to object; rulings on legal questions by judge; bench conferences)......................................................................................................................10

JURY INSTRUCTION 9 (INTENTIONALLY BLANK).........................................................11

JURY INSTRUCTION 10 (Charts, schedules, summaries admitted as evidence) [IF APPLICABLE].....................................................................................................................12

JURY INSTRUCTION 11 (INTENTIONALLY BLANK).......................................................13

JURY INSTRUCTION 12 (Nature of indictment; burden of proof; presumption of innocence).14

JURY INSTRUCTION 13 (Number of witnesses and uncontradicted testimony).....................16

JURY INSTRUCTION 14 (Direct and circumstantial evidence) ............................................17

JURY INSTRUCTION 15 (Inference)....................................................................................19

JURY INSTRUCTION 16 (Credibility of witnesses; interest in outcome; law enforcement or federal employee witnesses)..................................................................................................20

JURY INSTRUCTION 17 (INTENTIONALLY BLANK).......................................................23

JURY INSTRUCTION 18 (Expert witness – generally) .........................................................24

JURY INSTRUCTION 19 (INTENTIONALLY BLANK).......................................................25

JURY INSTRUCTION 20(a) (Defendant's interest if Defendant testifies) [IF APPLICABLE] .26

JURY INSTRUCTION 20(b) (Defendant's decision not to testify) [IF APPLICABLE].............27

JURY INSTRUCTION 21 (INTENTIONALLY BLANK).......................................................28

JURY INSTRUCTION 22 (INTENTIONALLY BLANK).......................................................29

JURY INSTRUCTION 23 (INTENTIONALLY BLANK).......................................................30

JURY INSTRUCTION 24 (INTENTIONALLY BLANK).......................................................31

JURY INSTRUCTION 25 (INTENTIONALLY BLANK).......................................................32

JURY INSTRUCTION 26 (Intro to specific crimes instructions; multiple counts) .....................33

JURY INSTRUCTION 27 (The charges) ...............................................................................34

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

JURY INSTRUCTION 28 (Variance – dates) ............................................................................39

JURY INSTRUCTION 29 (Variance – amounts) ......................................................................40

JURY INSTRUCTION 30 (Knowingly; willful blindness) ......................................................41

JURY INSTRUCTION 31 (Willfully) ......................................................................................42

JURY INSTRUCTION 32 (Intentionally) ................................................................................43

JURY INSTRUCTION 33 (Intent – inferences) .......................................................................44

JURY INSTRUCTION 34 (Knowledge, willfulness, intent) ...................................................45

JURY INSTRUCTION 35 (INTENTIONALLY BLANK) .......................................................46

JURY INSTRUCTION 36 (Using motive for intent) ...............................................................47

JURY INSTRUCTION 37 (Health Care Fraud) .......................................................................48

JURY INSTRUCTION 38 (Elements of Health Care Fraud) ..................................................49

JURY INSTRUCTION 39 (First element – scheme to defraud)...............................................50

JURY INSTRUCTION 40 (Second element – intent to defraud) .............................................52

JURY INSTRUCTION 41 (Third element – health care benefit program) ..............................53

JURY INSTRUCTION 42 (Willfully causing a crime) ............................................................54

JURY INSTRUCTION 43 (INTENTIONALLY BLANK)........................................................56

JURY INSTRUCTION 44 (INTENTIONALLY BLANK)........................................................57

JURY INSTRUCTION 45 (INTENTIONALLY BLANK).........................................................58

JURY INSTRUCTION 46 (Penalty not proper consideration)...................................................59

JURY INSTRUCTION 47 (Concluding Instructions) ..............................................................60

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 1 (Roles of Judge and Jury)

MEMBERS OF THE JURY:

Thank you for your patience and attention throughout this case. I shall now instruct you as to the law applicable to the case before you.

Let me explain our respective roles, which are quite different. It is my duty as Judge to instruct you as to the law that applies to this case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be.

On these legal matters, you are required to follow the law exactly as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

None of you should be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 2 (Jury's duty to decide facts)**

Your duty is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.

*United States v. Ron Elfenbein,* JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 3 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 4 (Bias, prejudice; Gov't as party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case in litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 5 (Improper considerations)**

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national or ethnic origin, sex, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 6 (Sympathy)**

Under your oath as jurors, it would be improper for you to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I instruct you. If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 7 (Conduct of counsel; exhibits not received; stricken testimony; stipulation; outside sources; incorporation of assumed facts on cross-examination)**

The statements, objections, and arguments of counsel are not evidence and should not be considered by you as evidence. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations.

Exhibits that were marked for identification but not received may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence. Admitted exhibits will be available for your review.

You are to disregard any testimony when I have ordered it to be stricken.

Only the witnesses' answers are evidence and you are not to consider a question as evidence.

Anything you may have seen or heard outside the courtroom, including any newspaper or media publicity of any kind, is not evidence and must be entirely disregarded. You must limit the information you get about the case to what came to you in the courtroom through the rules of evidence.

I remind you, members of the jury, that questions are not evidence, but answers are.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 8 (Duty of counsel to object; rulings on legal questions by judge; bench conferences)**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. The attorneys also have the right and duty to ask me to make rulings of law and to request conferences out of the hearing of the jury. All those questions of law must be decided by me. You should not hold any prejudice against an attorney or the client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 9 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 10 (Charts, schedules, summaries admitted as evidence) [IF APPLICABLE]**

The government and the defense have presented exhibits in the form of charts and summaries. I decided to admit or let you see these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. The charts and summaries are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. So, while you are entitled to consider them, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 11 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 12 (Nature of indictment; burden of proof; presumption of innocence)**

The defendant is charged in a charging instrument, a superseding indictment, with five crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the superseding indictment, which I will refer to simply as "the indictment" in these instructions. You will not be furnished with the indictment itself, because an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged. While you will not have a copy of the indictment with you in the jury room, I will read relevant portions of the charging document to you later in these instructions and, of course, you will have a copy of the jury instructions, including that relevant portion of the indictment, with you in the jury room.

Although the defendant has been indicted, you must remember that an indictment is only an accusation to which the defendant has pleaded not guilty. The indictment itself is not evidence.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove the defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of the charges against him. I therefore instruct you that the defendant is presumed by you to be innocent throughout your

14

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 13 (Number of witnesses and uncontradicted testimony)**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You may believe all, part, or none of the testimony of any witness.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 14 (Direct and circumstantial evidence)**

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, feels, touches, or hears—that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Let me give you a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

17

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 15 (Inference)

During the trial, you have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but are not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here, again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

19

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 16 (Credibility of witnesses; interest in outcome; law enforcement or federal employee witnesses)**

Because you, the jurors, are the sole judges of the facts, you are also the sole judges of the credibility of the witnesses, and it is up to you to decide what weight, if any, should be given to a witness's testimony. You are not required to believe any witness even though his or her testimony is uncontradicted.

In deciding whether or not to believe a witness, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You should consider a witness's demeanor and manner of testifying on the stand. Was the witness candid, frank, and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

You should also consider whether a witness may have been biased. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice, or hostility

20

that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Another consideration is the witness's opportunity to observe the matters about which he or she testified, as well as the witness's ability to express himself or herself.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

After you have considered all of the factors bearing upon the credibility of a witness that I have mentioned to you, you may decide to accept all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

particular witness.  In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 17 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 18 (Expert witness – generally)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts. Sometimes such witnesses are called "expert witnesses."

In weighing this opinion testimony, you may consider the supposed expert witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 19 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 20(a) (Defendant's interest if Defendant testifies) [IF APPLICABLE]**

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 20(b) (Defendant's decision not to testify) [IF APPLICABLE]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 21 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 22 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 23 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 24 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 25 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 26 (Intro to specific crimes instructions; multiple counts)**

We shall next consider the crimes with which the defendant is charged in the indictment, and I shall discuss with you the rules of law that govern whether the crimes charged have been proven.  Each alleged crime is charged in what is called a count.

The jury must consider each count against the defendant separately, and the burden is always upon the government to prove each count beyond a reasonable doubt.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 27 (The charges)

The Indictment contains 5 counts. Counts 1 through 5 charge the defendant with health care fraud.

I will now read you part of the indictment, as appropriately amended:

25.    In 2020, evaluation and management services (sometimes referred to as "E/M Services" or "office visits") were billed using CPT codes 99201 through 99205 for new patients, and 99211 through 99215 for existing patients. In 2021, CPT code 99201 was deleted, and E/M Services were billed using CPT codes 99202 through 99205 for new patients, and 99211 through 99215 for existing patients. The code that providers were required to bill for E/M Services were organized into various categories and levels. In general, the more complex the visit, the higher the level of code a provider could bill within the appropriate category. To bill any code, the services furnished must have met the definition of the code, been medically necessary, and occurred as represented.

26.    The 2020 code description for CPT code 99204 was: "[o]ffice or other outpatient visit for the evaluation and management of a new patient, which requires these 3 key components: A comprehensive history; A comprehensive examination; Medical decision making of moderate complexity. Counseling and/or coordination of care with other physicians, other qualified health care professionals, or agencies are provided consistent with the nature of the problem(s) and the patient's and/or family's needs. Usually, the presenting problem(s) are of moderate to high severity. Typically, 45 minutes are spent face-to-face with the patient and/or family." The 2021 code description for CPT code 99204 was: "Office or other outpatient visit for the evaluation and management of a new patient, which requires a medically appropriate history and/or examination and moderate level of medical decision making. When using time for code selection, 45-59 minutes of total time is spent on the date of the encounter."

27.    The 2020 code description for CPT code 99214 was: "Office or other outpatient visit for the evaluation and management of an established patient, which requires at least 2 of these 3 key components: A detailed history; A detailed examination; Medical decision making of moderate complexity. Counseling and/or coordination of care with other physicians, other qualified health care professionals, or agencies are provided consistent with the nature of the problem(s) and the patient's and/or family's needs. Usually, the

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

presenting problem(s) are of moderate to high severity. Typically, 25 minutes are spent face-to-face with the patient and/or family." The 2021 code description for CPT code 99214 was: "Office or other outpatient visit for the evaluation and management of an established patient, which requires a medically appropriate history and/or examination and moderate level of medical decision making. When using time for code selection, 30-39 minutes of total time is spent on the date of the encounter."

28.     From in or around March 2020, and continuing through in or around February 2022, in the District of Maryland, the defendant, **RON ELFENBEIN**, aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute a scheme to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare [and CareFirst Blue Cross Blue Shield] [REDACTED], and to obtain and attempt to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare [and CareFirst Blue Cross Blue Shield] [REDACTED], in violation of Title 18, United States Code, Sections 1347 and 2 (hereinafter the "scheme to defraud").

29.     It was a purpose of the scheme to defraud for the defendant, **RON ELFENBEIN**, to unlawfully enrich himself and others by: (a) submitting and causing the submission of false and fraudulent claims to Medicare [and CareFirst Blue Cross Blue Shield] [REDACTED] for E/M Services during the COVID-19 pandemic that were medically unnecessary, not provided as represented, and ineligible for reimbursement; (b) concealing the submission of false and fraudulent claims and the receipt and transfer of the proceeds of the fraud; and (c) using proceeds of the fraud for the personal use and benefit of the defendant and others.

30.     The manner and means by which the defendant, **RON ELFENBEIN**, and others known and unknown to the Grand Jury sought to accomplish the objects and purpose of the scheme to defraud included, among other things:

a.  **RON ELFENBEIN** controlled, operated, and directed Drs ERgent Care.

b.  **RON ELFENBEIN** submitted and caused the submission of enrollment documents to Medicare for Drs ERgent Care,

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

in which he attested he would "not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and [] will not submit claims with deliberate ignorance [REDACTED] of their truth or falsity."

c.  **RON ELFENBEIN** caused Drs ERgent Care to enroll and contract with [REDACTED] CareFirst BlueCross BlueShield, to provide services to [CareFirst BlueCross BlueShield's] members.

d.  **RON ELFENBEIN** caused Drs ERgent Care to offer COVID-19 testing to members of the public, as the effects of the COVID-19 pandemic were felt in the United States and many individuals were reporting difficulty obtaining tests to determine whether they were infected with the COVID-19 virus.

e.  **RON ELFENBEIN**, through Drs ERgent Care, offered COVID-19 testing, but required that the COVID-19 tests and the reporting of results be bundled, i.e., required to be billed in combination with more lucrative, but medically unnecessary, services, such as E/M Services, that were purportedly of a 30-minute or longer duration, or involving moderate or high levels of medical decision making, but did not in fact occur as represented.

f.  **RON ELFENBEIN** instructed providers and other employees of Drs ERgent Care to submit claims to Medicare and other payors for these lucrative E/M Services knowing that some or all of the beneficiaries were being seen by providers for less than five minutes total. Nevertheless, **RON ELFENBEIN** instructed providers and other employees to bill the encounters as moderate complexity E/M Services even though such encounters did not occur as represented.

g.  **RON ELFENBEIN** instructed providers and other employees of Drs ERgent Care to submit claims for these lucrative E/M Services because the higher complexity E/M Services were "the 'bread and butter' of how we get paid . . . a 99202 pays way less than a 99204."

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

h. **RON ELFENBEIN**, through Drs ERgent Care, submitted and caused the submission of claims to Medicare [and CareFirst Blue Cross Blue Shield] [REDACTED] for E/M Services that were medically unnecessary, not provided as represented, and ineligible for reimbursement.

i. **RON ELFENBEIN**, through Drs ERgent Care, submitted in excess of the approximate amount of $**[NUMBER TBD]** in claims for reimbursement to Medicare [and CareFirst Blue Cross Blue Shield] [REDACTED] for moderate complexity E/M Services in conjunction with COVID-19 tests, and was paid approximately $**[NUMBER TBD]** on those claims.

31.    On or about the dates set forth as to each count below, in the District of Maryland, the defendant,

**RON ELFENBEIN,**

aided and abetted by others, and aiding and abetting others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme to defraud as described above, submitted and caused the submission of the following false and fraudulent claims to Medicare and CareFirst Blue Cross Blue Shield for E/M Services that were medically unnecessary, not provided as represented, and ineligible for reimbursement, each submission constituting a separate count:

| Count | Medicare Beneficiary | Date of Submission of Claim | Date of Service | Claim No. | Payor | Procedure Code; Amount Billed |
|---|---|---|---|---|---|---|
| 1 | A.H. | 03/29/2021 | 03/25/2021 | 691021088249240 | Medicare | CPT 99204 $354.22 |
| 2 | W.R. | 05/03/2021 | 04/23/2021 | 691021123406780 | Medicare | CPT 99204 $354.22 |
| 3 | D.M. | 05/12/2021 | 05/10/2021 | 691021132127230 | Medicare | CPT 99204 $354.22 |
| 4 | J.J. | 03/5/2021 | 03/2/2021 | 372663924 | CareFirst BCBS | CPT 99214 $231.50 |
| 5 | S.T. | 04/28/2021 | 04/19/2021 | 327993824 | CareFirst BCBS | CPT 99204 $354.22 |

Each in violation of Title 18, United States Code, Sections 1347 and 2.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

The defendant has denied that he is guilty of these charges.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 28 (Variance – dates)**

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that specific acts occurred on or about certain dates. The proof need not establish with any certainty the exact date of the specific act charged. It is sufficient if the evidence in this case establishes that an offense was committed on a date reasonably near the date alleged in the indictment. The law only requires a substantial similarity between the date alleged in the indictment and the date established by testimony or exhibits.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 29 (Variance – amounts)

The law requires only a substantial similarity between the indictment and the proof; that is sufficient.

Thus, if the indictment charges that a certain amount was involved, and the testimony or exhibits indicate that, in fact, a different amount was involved, it is for you to determine whether the difference is material and, if you find it was material, then you must find the defendant not guilty.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 30 (Knowingly; willful blindness)

In order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by a defendant's conduct and by all of the facts and circumstances surrounding the case.

You may infer that a defendant acted knowingly from circumstantial evidence or from proof that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of that fact. "Willful blindness" exists when a defendant, whose suspicion has been aroused, deliberately fails to make further inquiries. If you find that a defendant deliberately shielded himself from learning a critical fact strongly suggested by the circumstances, or deliberately failed to inquire further, you may conclude that he acted knowingly. Actual knowledge and deliberate or conscious avoidance of knowledge are the same thing.

It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 31 (Willfully)**

I instruct you that in order to sustain its burden of proof the government must prove beyond a reasonable doubt that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say, with the bad purpose to disobey or to disregard the law.

A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake, or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 32 (Intentionally)**

The government must prove beyond a reasonable doubt that the defendant acted intentionally if and when he committed the crimes charged in the indictment. Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that he acted deliberately and purposefully.  That is, a defendant's acts must have been the product of that defendant's conscious objective rather than the product of a mistake or accident.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 33 (Intent – inferences)**

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made, any act done or omitted by the defendant, and all other facts and circumstances in evidence that indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 34 (Knowledge, willfulness, intent)**

Knowledge, willfulness, and intent involve the state of a person's mind. The state of one's mind is a fact. Accordingly, this is a fact you are called upon to decide.

Rarely is direct proof available to establish the state of one's mind. However, state of mind may be inferred from what one says or does: one's words, one's actions, and one's conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 35 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 36 (Using motive for intent)**

Proof of motive is not a necessary element of the crimes with which the defendant is charged.

Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is innocent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive was shown. But the presence or absence of motive is a circumstance you may consider as bearing on the intent of a defendant.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 37 (Health Care Fraud)

The indictment charges the defendant with health care fraud.

Section 1347 of Title 18 of the United States Code provides in pertinent part, that

Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—

    (1)    to defraud any health care benefit program; or

    (2)    to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits, items, or services,

shall be [guilty of a crime].

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 38 (Elements of Health Care Fraud)

In order to prove the defendant guilty of health care fraud, the government must establish beyond a reasonable doubt each of the following elements:

First, that there was a scheme to defraud or a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises in connection with the delivery of or payment for health care benefits, items or services, as charged in the Indictment;

Second, that the defendant knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and

Third, that the target of the scheme was a health care benefit program, as I will define that phrase for you.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 39 (First element – scheme to defraud)**

The first element that the government must establish beyond a reasonable doubt is that there was a scheme to defraud or a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises in connection with the delivery of or payment for health care benefits, items or services, as charged in the Indictment.

A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive.

A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially misleading.

The representations that the government charges were made as part of the scheme are set forth in paragraph 30 of the indictment, which I have already read to you. It is not required that every misrepresentation charged in the indictment as part of the scheme be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme.

However, each count of the superseding indictment charges that, in furtherance of the alleged scheme, a specific claim was submitted to Medicare or to CareFirst Blue Cross Blue Shield that was false and fraudulent. You may not find the defendant guilty of a count in the superseding indictment unless you find that the government has proved beyond a reasonable doubt that the claim charged in that count of the superseding indictment was false or fraudulent as to a material fact or matter.

Although it is not necessary for the government to prove an actual loss of funds by the health care benefit programs, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged in the indictment, the defendant placed the health care benefit programs at a risk of loss and that the health care benefit programs did not knowingly accept such a risk.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 40 (Second element -- intent to defraud)**

The second element that the government must establish beyond a reasonable doubt is that the defendant knowingly and willfully executed or attempted to execute that scheme with the intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and with a bad purpose.

To act with intent to defraud means to act willfully and with the specific intent to deceive for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 41 (Third element – health care benefit program)**

The third element that the government must establish beyond a reasonable doubt is that the target of the scheme was a health care benefit program.

The phrase "health care benefit program" means any public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

In order to qualify as a "health care benefit program," the program must affect interstate commerce. This means that the program must have had some effect on the movement, transportation, or flow of goods, merchandise, money and individuals between or among the states.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 42 (Willfully causing a crime)

In this case, the government does not contend that the defendant actually submitted false or fraudulent claims to Medicare and a private insurer. Instead, it contends that the defendant caused other persons to submit false or fraudulent claims to Medicare and a private insurer.

Section 2(b) of the aiding and abetting statute reads as follows: "Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal."

What does the term "willfully caused" mean? It does not mean that the defendant himself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant knowingly, willfully, and with intent to defraud participate in a scheme to defraud Medicare and other public and private insurers?

Did the defendant intentionally cause another person to submit false or fraudulent claims to Medicare and other public and private insurers?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," and if the other elements of health care fraud are proved beyond a reasonable doubt, then the defendant is guilty of the crime charged just as if he himself had actually committed it.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

If you are not so persuaded, then the defendant is not guilty under an aiding and abetting theory.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 43 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 44 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

**JURY INSTRUCTION 45 (INTENTIONALLY BLANK)**

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 46 (Penalty not proper consideration)

I have finished the court's instructions on the specific crimes charged. As you deliberate, I caution you that the question of possible punishment of the defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence, if the defendant is convicted, rests exclusively upon the court. Similarly, the possible consequences of a not guilty verdict are of no concern to you. Your duty is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the evidence presented.

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

### JURY INSTRUCTION 47 (Concluding Instructions)

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in light of the instructions I have given you, and use the same common sense and the same intelligence that you would use in determining any important matter that you have to decide in the course of your own affairs.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Upon retiring to the jury room, your first duty will be to elect a foreperson. The foreperson has no extra vote, but he or she will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer. Never attempt to communicate with

the court except in writing. You will note from the oath about to be taken by the court security officer that he or she, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. And bear in mind always that you are not to tell to the court, or anyone else, how you stand in terms of a numerical division, until after you have reached a unanimous verdict.

In order to record your verdict in this case, we have prepared a verdict form for you.

(Review verdict form.)

When you have reached a unanimous agreement, the foreperson should fill out the verdict form in accordance with your agreement. Then the foreperson should sign and date the form in the space provided at the end.

When you have agreed and finished completing the verdict form, the foreperson should rap on the door and inform the Clerk or Court Security Officer simply that you have agreed upon a verdict. The foreperson should not disclose or indicate in any way what your verdict is at that time. The verdict must be announced for the first time in open court.

When you return to the jury box, the Clerk will ask you, "Have you agreed upon your verdict?" And we hope that you collectively will respond that you have.

The Clerk will then ask, "Who shall say for you?" All of you will respond, "Our foreperson."

*United States v. Ron Elfenbein*, JKB-22-0146
Court's Proposed Jury Instructions

Your foreperson will then stand and present the verdict form to the Clerk, who will hand it to me. After I review it, I shall read the verdict out loud in open court.

I remind you that you may not conduct any research by using any source whatsoever to learn more about this case, the issues in the case, or anyone associated with this case. And I further caution you not to communicate with anyone other than your fellow jurors in this case about your deliberations. Until the jury has rendered its verdict in open court, you are prohibited from commenting, whether in person, over the telephone, through the Internet, or through any other means, about this case.

While you are in the jury deliberation room, all electronic devices must remain completely off. Only when you are on break from deliberations may you turn on your cell phone or other electronic device to communicate with anyone outside of your fellow jurors, and only then to discuss matters that have no relation to this trial.

[EXCUSE ALTERNATES]